

**ORDERED in the Southern District of Florida on February 14, 2012.**

*[signature]*

**John K. Olson, Judge**
**United States Bankruptcy Court**

___

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

In re:                                                                    Case No: 11-37267-BKC-JKO
                                                                          Chapter 13
FRANK RICHARD FRIEDRICH

_____Debtor_____/

### ORDER GRANTING AMENDED MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY HELD BY CITIMORTGAGE, INC. (SECOND MORTGAGE) (LOAN NO.: 107032905319000/2908495712)

THIS CASE came to be heard on February 6, 2012 on the Debtor's Amended *Motion to Value and Determine Secured Status of Lien on Real Property* (DE 40; the "Motion"). Based upon the debtor's assertions made in support of the Motion, without objection, having considered the record in this case, and being duly advised in the premises, the Court FINDS as follows:

A.   The value of the debtor's real property (the "Real Property") located at 3330 Pinewalk Dr. N., #1625, Margate, FL 33063, and more particularly described as:

>   Unit No. 1625, Building No. 3330, of CORAL KEY CONDOMINIUM, according to the Declaration of Condominium, as recorded in Official Records Book 41985, at Pages 805 through 1014 of the Public Records of Broward County, Florida

is $35,000.00 at the time of the filing of this case.

B.  The total of all claims secured by liens on the Real Property senior to the lien of Citimortgage, Inc. (the "Lender") is $150,726.81.

C.  The equity remaining in the Real Property after payment of all claims secured by liens senior to the lien of Lender is $0.00 and Lender has a secured interest in the Real Property in such amount.

Consequently, it is **ORDERED** as follows:

1.  The Motion is **GRANTED**.

2.  Lender has an allowed secured claim in the amount of $0.00.

3.  Because Lender's secured interest in the Real Property is $0.00, Lender's mortgage recorded on May 30, 2007 at OR Book 44107, Page 437 of the official records of Broward County, Florida (Loan no.: 107032905319000 OR Loan no.: 2908495712) shall be deemed void and shall be extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case.  If this case is converted to a case under any other chapter or if the chapter 13 case is dismissed, Lender's mortgage will no longer be considered void and shall be restored as a lien on the Real Property.

4.  (Select only one):

    _X_  Lender has not filed a proof of claim in this case.  The trustee shall not disburse any payments to Lender unless a proof of claim is

     timely filed.  In the event a proof of claim is timely filed, it shall be classified as a secured claim in the amount stated in paragraph 2, above, and as a general unsecured claim for any amount in excess of such secured claim, regardless of the original classification in the proof of claim as filed.

or

    __ Lender filed a proof of claim in this case. It shall be classified as a secured claim in the amount provided in paragraph 2, above, and as a general unsecured claim in the amount of $ _____, regardless of the original classification in the proof of claim as filed.

5. The Real Property may not be sold or refinanced without proper notice and further order of the Court.

6. Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in this chapter 13 case.

###

Submitted by:

Florida Debt Relief Center, LLC
POB 970124
Boca Raton, FL 33497-0124
(954) 535-9905
(954) 337-8500 fax

Jeffrey H. Tromberg is directed to serve copies of this order on all interested parties and file a certificate of service.